UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON-MEION BROWN, | § | |
| *Next Friend to PA,* | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-03231 |
| | § | |
| BRAZORIA COUNTY SHERIFF'S | § | |
| OFFICE/ JAIL ET AL. | § | |
|     **Defendants.** | § | |

### DEFENDANT BRAZORIA COUNTY SHERIFF'S OFFICE OPPOSED MOTION TO DISMISS PLAINTIFF'S COMPLAINT

        **Brazoria County Criminal District Attorney's Office**

        By:    */s/ Ryan Erickson*
        RYAN ERICKSON
        Attorney-in-Charge
        Texas Bar No. 24091875
        S.D. Tex. No. 3851317
        LAUREN MENIA
        Of Counsel
        Texas Bar No. 24092823
        S.D. Tex. No. 3877902
        Airzola Cleaves
        Of Counsel
        Texas Bar No. 24139392
        S.D. Tex. No. 3907331
        237 E. Locust, Suite 305
        Angleton, Texas 77515
        Telephone: (979) 864-1233
        E-mail: ryane@brazoriacountytx.gov
        Fax: (979) 864-1712

        **ATTORNEYS FOR DEFENDANT BRAZORIA COUNTY SHERIFF'S OFFICE**

# **TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) …………………………………..………………... 7, 9

*Back v. Tex. Dep't. of Crim. Justice Instit. Div.*,
 684 F. App'x. 356 (5th Cir. 2017) …………………………………...…...11

*Ball v. LeBlanc,*
 792 F.3d 584 (5th Cir. 2015) ………………………………………………..10

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ……………………………………………….............7

*Bennett-Nelson v. La. Bd. of Regents*,
 431 F.3d 448 (5th Cir. 2005) ………………………………………………...10

*Cadena v. El Paso County*,
 946 F.3d 717 (5th Cir. 2020) …………………………………………………11

*Campbell v. City of San Antonio*,
 43 F.3d 973 (5th Cir. 1995) …………………………………………………...7

*Constien v. United States*,
 628 F.3d 1207 (10th Cir. 2010)…………………………………………….....12

*Culberson v. Lykos*,
 790 F.3d 608 (5th Cir. 2015) ……………………………………………….. 7

*Darby v. Pasadena Police Dep't*,
 939 F.2d 311 (5th Cir. 1991) …………………………………………………8

*Delano-Pyle v. Victoria County, Tex.*,
 302 F.3d 567 (5th Cir. 2002) ………………………………………………...11

*Fernandez-Montes v. Allied Pilots Ass'n*
 987 F.2d 278 (5th Cir. 1993) …………………………………………………7

*Jin Choi v. Univ. of Tex. Health Sci. Ctr. at San Antonio*,
 633 F. App'x. 214 (5th Cir. 2015) ………………………………………..10

*Kirby Lumber Co. v. State of La. through Anacoco-Prairie State Game & Fish Comm'n*,
 293 F.2d 567 (5th Cir. 1961) ……………………………………………………….8

*Lightbourn v. County of El Paso*,
 118 F.3d 421 (5th Cir. 1997) …………………………………………………...10

*McIntosh v. Smith*,
 690 F.Supp.2d 515 (S.D. Tex. Feb. 2, 20210)...…………………………………....9

*Owyhee Grazing Ass'n, Inc. v. Field*,
 637 F.2d 694 (9th Cir. 1981) ……………………………………………………….8

*Peterson v. City of Fort Worth*,
 588 F.3d 838 (5th Cir. 2009) …………………………………………………….....9

*Piotrowski v. City of Houston*,
 237 F.3d 567 (5th Cir. 2001) ………………………………...………………9

*Reading v. United States*,
 506 F.Supp.2d 13 (D.D.C. 2007)...………………………………………………..12

*Spiller v. City of Texas City, Police Dep't.*,
 130 F.3d 162 (5th Cir. 1997) …………………………………………...………......9

*Steven v. Hayes*,
 2012 WL 2572790 (W.D. Tex. July 2, 2012)…………………………………………12

*Taylor v. Books A Million*,
 296 F.3d 376 (5th Cir. 2002) …………………………………………………….....7

*Tennyson v. Hatton*,
 6:16cv1206, 2018 WL 5311387 (E.D. Tex. July 5, 2018)….…………………....8

*Webster v. City of Houston*,
 735 F.2d 838 (5th Cir. 1984) ………………………………………………….....9

*Windham v. Harris County*,
 875 F.3d 229 (5th Cir. 2017)………………………………………………10, 11

**STATUTES**

20 U.S.C. § 1400 et seq………………………………………………………………….5, 7

28 U.S.C. § 1333………………………………………………………………………….5, 7

42 U.S.C. § 1983………………………………………………………………………...5, 6, 8

42 U.S.C. § 12101……………………………………………………………………………5

42 U.S.C. § 12131…………………………………………………………………………..10

42 U.S.C. § 12132……………………………………………………………………………6

**RULES**

Federal Rule of Civil Procedure 4(c)(2)…………………………………………………..6, 11

Federal Rule of Civil Procedure 12(b)(5)………………………………………………5, 6, 12

Federal Rule of Civil Procedure 12(b)(6) ………………………………………………5, 6, 7

Federal Rule of Civil Procedure 17(b)(3)…………………………………………………….8

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Defendant Brazoria County Sheriff's Office (the "Sheriff's Office") and files this Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure and would show the Court as follows:

## I.
### NATURE AND STAGE OF PROCEEDING

1. On July 10, 2025, Plaintiff filed an Emergency Motion for Custodial Standing/Next Friend on behalf of his minor child, Peter-Eugene Alvarado ("Alvarado"). Docket Entry ("Dkt.") 1.

2. On July 21, 2025, Plaintiff filed an Emergency Motion for Protective Custody and Immediate Transfer to a Mental Health Facility on behalf of Alvarado who is now an adult[1] with an intellectual disability.  Dkt. 7.

3. On July 23, 2025, Plaintiff filed an Emergency Medical Relief Request on behalf of Alvarado. Dkt. 10.

4. On November 13, 2025, Plaintiff filed an Amended Complaint. The named defendants are Brazoria County Sheriff's Office, Brazoria [sic] Independent School District Police Department, Lighthouse Learning Center, and Captain M. Crittenden. Dkt. 15. Plaintiff asserts claims under Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"); Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. (the "IDEA"); 42 U.S.C. § 1983; and 28 U.S.C. § 1333. Dkt. 15 at ¶ III, alleging various constitutional violations, including a failure to provide Alvarado unspecified ADA accommodations.

5. Plaintiff, via certified mail, sent his Amended Complaint to the Brazoria County Sheriff's Office ("Defendant") on November 21, 2025. The Sheriff's Office received the Amended

---

[1] Peter-Eugene Alvarado turned 18 on July 14, 2025.

Complaint on December 1, 2025.

6. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

7. Plaintiff has failed to properly effectuate service on Defendant as required by Fed. R. Civ. P. 4(c)(2).

8. Therefore, Defendant files this Motion to Dismiss.

## II.
### SUMMARY OF THE ARGUMENT

**FAILURE TO STATE A CLAIM**

9. Defendant is entitled to dismissal as it is not a proper party. As a non-jural entity, Defendant lacks the capacity to sue or be sued.

10. Defendant is entitled to dismissal of Plaintiff's violation of civil rights claim and failure to accommodate claim under Rule 12(b)(6) because Plaintiff has failed to plead sufficient facts to state a claim to relief.

**INSUFFICIENT SERVICE OF PROCESS**

11. Defendant is entitled to a dismissal under Rule 12(b)(5) because Plaintiff attempted to effectuate service by personally mailing the summons and amended complaint to the Defendant via certified mail. However, that is disallowed as Plaintiff is a party to this proceeding.

## III.
### ARGUMENTS AND AUTHORITY

12. Plaintiff has filed suit against the Brazoria County Sheriff's Office. Dkt. 15. However, the Sheriff's Office is not a proper party as it does not have the capacity to sue or be sued. Even if Plaintiff had sued the proper party, Brazoria County, his claims still fail under 42 U.S.C. § 1983 and 42 U.S.C. § 12132 as the Amended Complaint is devoid of facts demonstrating the existence

of any official County policy that would violate Alvarado's constitutional rights or any facts regarding a failure to accommodate a known disability.[2]

A.     MOTION TO DISMISS UNDER RULE 12(B)(6)

13. A motion to dismiss under Rule 12(b)(6) tests the formal sufficiency of the statement of claim for relief in a plaintiff's complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal, a complaint must contain sufficient factual allegations on every material point necessary to sustain a recovery, or allegations from which an inference may be drawn that evidence on these material points will be introduced at trial. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

14. The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the plaintiff's factual contentions must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Culberson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions" are insufficient. *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)). The court is not required to "conjure up unpled allegations or construe elaborately arcane scripts" to save an ill-pled complaint. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted).

15. Plaintiffs' Amended Complaint fails to satisfy this threshold pleading requirement because Plaintiff has only stated conclusory allegations about Alvarado's failure to receive

---

[2] Plaintiff has also made claims pursuant to 20 U.S.C. § 1400 et seq, Individuals with Disabilities Education Act, for failure to provide appropriate education and safety measures; and pursuant to 28 U.S.C. § 1333 for maritime negligence and custodial endangerment. However, Defendant has not addressed these claims as they are inapplicable to this defendant.

accommodations but has offered no concrete factual statements about any action or inaction on behalf of the Defendant.

16. Defendant simply has no way to decipher and respond to Plaintiff's allegations, if any, due to the limited nature of the pleading.

**1.     DEFENDANT IS NOT A PROPER PARTY**

17. The Brazoria County Sheriff's Office is not a proper party to this lawsuit. It lacks the capacity to sue or be sued as a matter of law. The capacity to sue or be sued is determined by the law of the state where the court is located. FED. R. CIV. P. 17(b)(3). *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). A political subdivision cannot sue or be sued unless it is a separate and distinct corporate entity. *See Kirby Lumber Co. v. State of La. through Anacoco-Prairie State Game & Fish Comm'n*, 293 F.2d 82, 83 (5th Cir. 1961). An unincorporated department of the government is not a legal entity and cannot be sued. *See Darby* at 313 citing *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981); see also Tennyson v. Hatton, 6:16cv1206, 2018 WL 5311387 at *5 (July 5, 2018) (stating "The Sheriff's Department is a sub-unit of Smith County and has no separate legal existence, apart from the county. The Sheriff's Department therefore cannot be sued in its own name.")

18. The Brazoria County Sheriff's Office is an unincorporated department within Brazoria County. It is not a separate entity capable of independent legal action. Therefore, the claims against the Brazoria County Sheriff's Office should be dismissed with prejudice.

**2.     MUNICIPAL LIABILITY CLAIM**

19. Notwithstanding Plaintiff's failure to sue the proper party, his allegations fail to state a claim under Section 1983. To state a claim for liability against the County under Section 1983, a plaintiff must allege that an official policy or custom was a cause in fact deprivation of rights

inflicted. *Tennyson v. Hatton*, No. 6:16cv1206, 2018 WL 5311387 (E.D. Tex. July 5, 2018). Specifically, the plaintiff must demonstrate "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

> An official policy is either (1) a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents the municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.
>
> *McIntosh v. Smith*, 690 F.Supp.2d 515, 530 (S.D. Tex. Feb. 2, 2010) (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

20. These three requirements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). While a plaintiff need not offer proof of their allegations to survive a motion to dismiss, he/she still must plead specific facts—not conclusory suppositions—plausibly supporting each element. *Iqbal*, 556 U.S. at 678; *Spiller v. City of Texas City, Police Dep't.,* 130 F.3d 162, 167 (5th Cir. 1997).

21. Plaintiff's sole allegation against Defendant is "[Alvarado] was detained by agents of the Brazoria [sic] Independent School District (BISD) Police and the Brazoria County Sheriff's Office without medical clearance or proper ADA accommodations." Dkt. 15 at ¶ II. Plaintiff has failed to allege the existence of any official policy promulgated by any official of Brazoria County that would have violated Alvarado's constitutional rights.

### 3. FAILURE TO ACCOMMODATE

22. A plaintiff must satisfy three elements to establish a prima facia case under Title II of the ADA, (1) that he is a qualified individual under the statute; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is due to plaintiff's disability. *Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997).

23. Plaintiff may satisfy the "discrimination due to disability" arm of the statute by showing failure to make reasonable accommodation. *Windham v. Harris County*, 875 F.3d 229, 235 (5th Cir. 2017). While the failure to accommodate language is codified as part of Title I of the ADA, Courts have recognized the applicability of the standard in Title II cases. See *Id.* generally; *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 & n.11 (5th Cir. 2005) ("[Title II] impose[s] upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals." (citing 42 U.S.C. § 12131)); see also *Jin Choi v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 633 F. App'x. 214, 215 (5th Cir. 2015) (adapting the failure-to-accommodate standard from Title I to Title II); *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015).

24. A critical component of a Title II claim for failure to accommodate is proof that "the disability and its consequential limitations were known by the [entity providing public services]." *Windham* F.3d at 236 (quoting *Jin Choi*, 633 F. App'x. at 215). However, the provider must be aware not only of the disability, but of the limitations experienced by the Plaintiff. *Id.* To that end, it is the Plaintiff's burden to identify with specificity both the disability and the resulting limitations, and then to "request an accommodation in 'direct and specific' terms". *Id.* at 237.

25. If a plaintiff fails to request accommodation in this direct and specific manner, he can only

prevail on a showing that the disability, resulting limitations, and necessary and reasonable accommodation were "open, obvious, and apparent" to the entity alleged to be in violation. *Id.* Courts have held that where a plaintiff's claims are so undefined that they "would require clairvoyance" to determine what, if any, accommodation would be reasonable, the plaintiff has failed to appropriately plead an ADA claim. *Id*.

26. Additionally, Plaintiff is required to demonstrate intentional discrimination in order to recover compensatory damages under the ADA. *Back v. Tex. Dep't. of Crim. Justice Instit. Div.*, 684 F. App'x. 356, 358-359 (5th Cir. 2017) citing, *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 575 (5th Cir. 2002). Denials of medical care due to negligence by staff are insufficient to state a claim. *Back* at 358.

27. Although the statute does not provide a definition for "intentional" conduct, cases have determined that the actions of the defendant in question must arise to more than deliberate indifference. *Cadena v. El Paso County*, 946 F.3d 717, 724 (5th Cir. 2020) (giving the example that a Deputy who *knows* a deaf inmate cannot understand him through his chosen method of communication, yet continued to use that method had engaged in intentional discrimination.)

28. Plaintiff's claims under the ADA must be dismissed because he has failed to allege facts, if any, specific enough to state a plausible claim for relief, even when taken as true. Plaintiff's pleading states that Alvarado underwent critical heart surgery between February and March 2025. Dkt. 15 ¶ II. Plaintiff has made the conclusory allegation that Alvarado did not receive proper ADA accommodations but the Amended Complaint is devoid of any facts to support his conclusion. Dkt. 15 ¶ II. Plaintiff has failed to state the type of accommodation Alvarado needed or that he or Alvarado made any request for accommodation.

### B. INSUFFICIENT SERVICE OF PROCESS

29. Pursuant to Federal Rules of Civil Procedure 4(c)(2), "any person who is at least 18 years old and **not a party** may serve a summons and complaint." Emphasis added. Here, Plaintiff has attempted to effectuate service by personally mailing the summons and amended complaint to the Defendant via certified mail. Plaintiff is a party to this lawsuit and therefore, ineligible to serve process in this matter. *See Steven v. Hayes*, 2012 WL 2572790, at *6 (W.D. Texas July 2, 2012) citing *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) (upholding dismissal because only a nonparty can place the summons and complaint in the mail) and *Reading v. United States*, 506 F.Supp.2d 13, 19 (D.D.C. 2007) (upholding dismissal because Congress did not carve a "loophole into the procedural rules to permit a plaintiff to serve a defendant by indirectly effectuating service through the postal service").

30. Plaintiff's case should be dismissed because he has failed to effectuate proper service on Defendant. Fed. R. Civ. P. 12(b)(5).

## IV.
### CONCLUSION

31. WHEREFORE, PREMISES CONSIDERED, Defendant Brazoria County Sheriff's Office urges this Court to deny Plaintiff any and all relief demanded in his Complaint. Further, Defendant prays its Motion to Dismiss be granted, that it be ordered that Plaintiff's claims against Defendant be dismissed with prejudice, and that Plaintiff take nothing by this suit. Finally, Defendant requests the Court grant such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

Respectfully submitted,

**Brazoria County Criminal District Attorney's Office**

By:     */s/ Ryan Erickson*
RYAN ERICKSON
Attorney-in-Charge
Texas Bar No. 24091875
S.D. Tex. No. 3851317
LAUREN MENIA
Of Counsel
Texas Bar No. 24092823
S.D. Tex. No. 3877902
Airzola Cleaves
Of Counsel
Texas Bar No. 24139392
S.D. Tex. No. 3907331
237 E. Locust, Suite 305
Angleton, Texas 77515
Telephone: (979) 864-1233
E-mail: ryane@brazoriacountytx.gov
Fax: (979) 864-1233
ATTORNEYS FOR DEFENDANT
BRAZORIA COUNTY SHERIFF'S OFFICE

## CERTIFICATE OF CONFERENCE

I, Ryan Erickson, Assistant District Attorney of Brazoria County, Texas, certify that counsel has conferred with Plaintiff, Brandon-Meion Brown on the above motion and Plaintiff is OPPOSED.

*/s/ Ryan Erickson*
RYAN ERICKSON

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December 2025, a true and correct copy of the above document was served upon the parties below:

***Via Certified Mail, Return Receipt Requested***
***Via Regular Mail***
Brandon-Meion Brown, *pro se*
P.O. Box 84
Clute, Texas 77531

***Via Electronic Mail***
Brandon-Meion Brown, pro se
triocouriers@gmail.com

Christopher B. Gilbert
cgilbert@thompsonhorton.com

 

                                              */s/  Ryan Erickson*
                                                  RYAN ERICKSON