IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON-MEION BROWN, *Next Friend to PA, a Minor Child* | § | |
| Plaintiff, | § | |
| v. | § | C.A. No. 4:25-cv-03231 |
| BRAZORIA COUNTY SHERIFF'S OFFICE, BRAZORIA INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, LIGHTHOUSE LEARNING CENTER, AND CAPTAIN M. CRITTENDEN | § | |
| Defendants. | § | |

**DEFENDANTS BRAZORIA [SIC] INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, LIGHTHOUSE LEARNING CENTER, AND CAPTAIN M. CRITTENDEN'S MOTION TO DISMISS**

Christopher B. Gilbert
Arlene P. Gonzalez
**THOMPSON & HORTON LLP**
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6744
Fax: (713) 583-8884
cgilbert@thompsonhorton.com
agonzalez@thompsonhorton.com

Attorneys for Defendants Brazoria [sic] Independent School District Police Department, Lighthouse Learning Center, and Captain M. Crittenden

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... iii

NATURE AND STAGE OF PROCEEDING .......... 1

ISSUES PRESENTED .......... 2

STANDARD OF REVIEW .......... 3

ARGUMENT AND AUTHORITIES .......... 4

A. Defendants "Brazoria [sic] Independent School District Police Department" and the "Lighthouse Learning Center" are not separate legal entities capable of being sued as parties to this lawsuit separate and apart from Brazosport ISD .......... 4

B. An Individual Defendant may not be sued under the ADA or the IDE .......... 5

C. Plaintiff has failed to assert facts that would plausibly support a failure to accommodate claim against Brazosport ISD under the Americans with Disabilities Act .......... 6

D. Plaintiff has failed to exhaust his administrative remedies under the Individuals with Disabilities Education Act .......... 7

E. Plaintiff failed to plead facts that show that any deprivation of P.A.'s constitutional rights occurred in accordance with Brazosport ISD's official policy or firmly entrenched custom tolerating misconduct .......... 8

F. Individual Defendant Captain M. Crittenden is entitled to qualified immunity from P.A.'s Section 1983 claims .......... 9

G. Plaintiff's claim for "maritime negligence and custodial endangerment under 28 U.S.C. §1333" must be dismissed .......... 12

H. The Court must dismiss P.A.'s claim for punitive damages against the District .......... 12

CONCLUSION .......... 12

CERTIFICATE OF SERVICE .......... 14

# TABLE OF AUTHORITIES

**Page**

*Alexander v. Eeds*, 392 F.3d 138 (5th Cir. 2004) ....................11

*Anderson v. Creighton*, 483 U.S. 635 (1987) ....................10

*Ashcroft v. Al-Kidd*, 563 U.S. 731 (2011)....................11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................3, 4, 10, 11

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) ....................10

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988)....................3

*Barnes v. Gorman*, 536 U.S. 181 (2002) ....................12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................3

*Bennett v. City of Slidell,* 728 F.2d 762 (5th Cir. 1984) ....................9

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)....................3

*Board of County Comm'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 117 S. Ct. 1382 (1997)....................8

*Brown v. Houston Indep. Sch. Dist.*, 763 F. Supp. 905 (S.D. Tex. 1991), *aff'd*, 957 F.2d 866 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 198 (1992)....................8, 9

*Carswell v. Camp*, 54 F. 4th 307 (5th Cir. 2022)....................10

*Carter v. Target Corp.*, 541 Fed. App'x 413 (5th Cir. 2013) ....................4

*City of Newport v. Fact Concerts Inc.*, 453 U.S. 247 (1981)....................2, 12

*Collins v. City of Harker Heights, Texas,* 112 S. Ct. 1061 (1992) ....................8, 9

*D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp. 2d 603 (S.D. Tex. 2009), *aff'd sub nom. D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450 (5th Cir. 2010)....................5, 6

*Darby v. Pasadena Police Dept.,* 939 F.2d 311 (5th Cir. 1991)....................5

*Delano–Pyle v. Victoria Cty.*, 302 F.3d 567 (5th Cir. 2002) ....................6

*Doe v. Hillsboro Indep. Sch. Dist.,* 113 F.3d 1412 (5th Cir. 1997) ....................8

*Doe v. Petaluma City Sch. Dist.*, 830 F. Supp. 1560 (N.D. Cal. 1993). ....................4

**TABLE OF AUTHORITIES (cont)**

**Page**

*Erickson v. Pardus*, 551 U.S. 89 (2007) ....................3

*Estrada v. Nehls*, 524 F. Supp.3d 578 (S.D. Tex. 2021), *aff'd*, 2022 WL 2113614 (5th Cir. June 13, 2022) ....................5

*Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154 (2017) ....................7

*Gallentine v. Housing Authority of City of Port Arthur, Tex.*, 919 F.Supp.2d 787 (E.D. Tex. 2013). ....................11

*Gonzales v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745 (5th Cir. 1993). ....................9

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ....................10

*Hunter v. Bryant*, 502 U.S. 224 (1991). ....................11

*J.W. v. Paley*, 81 F.4th 440 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 2658 (2024) ....................12

*Jathanna v. Spring Branch Indep. Sch. Dist.*, 2012 WL 6096675 (S.D. Tex. Dec. 7, 2012) ....................5

*Jenkins v. Bd. of Educ. of Houston Indep. Sch. Dist.*, 937 F. Supp. 608 (S.D. Tex. 1996) ....................5

*Jett v. Dallas Indep. Sch. Dist.,* 7 F.3d 1241 (5th Cir. 1993) ....................9

*Kovacic v. Villareal*, 628 F.3d 209 (5th Cir. 2010) ....................10

*L.F. v. Houston Indep. Sch. Dist.*, No. CV H-11-903, 2012 WL 12878200 (S.D. Tex. June 21, 2012), *aff'd sub nom. L.F. ex rel. Ruffin v. Houston Indep. Sch. Dist.*, 542 F. App'x 430 (5th Cir. 2013). ....................6

*Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521 (5th Cir. 1994) ....................3

*Lindsay v. John Tyler High Sch.*, 2012 WL 5270241 (E.D. Tex. 2012), *report and recomm. adopted,* 2012 WL 5270208 (E.D. Tex. 2012) ....................4

*Lindsay v. Whitehouse Jr High Sch.*, 2012 WL 5271699 (E.D. Tex. 2012), *report and recomm. adopted,* 2012 WL 5270295 (E.D. Tex. 2012) ....................4

*Malley v. Briggs*, 475 U.S. 335 (1986) ....................11

*McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) ....................10

*Melton v. Dall. Area Rapid Transit*, 391 F.3d 669 (5th Cir. 2004) ....................6

**TABLE OF AUTHORITIES (cont)**

**Page**

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ....................10

*Monell v. City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978) ....................2, 8

*Mosley v. Houston Comm. College Sys.*, 951 F. Supp. 1279 (S.D. Tex. 1996) ....................12

*Muller v. St. Tammany Par.*, 2010 WL 2464802 (E.D. La. 2010), *report and recommendation adopted,* 2010 WL 2464801 (E.D. La. 2010) ....................4, 5

*Norman v. Apache Corp.*, 19 F.3d 1017 (5th Cir. 1994). ....................3

*Owen v. City of Independence*, 445 U.S. 622, 100 S. Ct. 1398 (1980)....................8

*Papasan v. Allain*, 478 U.S. 265 (1986) ....................3

*Pearson v. Callahan*, 555 U.S. 223 (2009)....................10

*Pierce v. Smith*, 117 F.3d 866 (5th Cir. 1997) ....................11

*Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005)....................11

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)....................10

*Shahrashoob v. Texas A&M Univ. Sys.*, 2022 WL 3702264 (S.D. Tex. Aug. 26, 2022) ....................5

*Siegert v. Gilley*, 500 U.S. 226 (1991)....................10

*Spiller v. City of Texas City*, 130 F.3d 162 (5th Cir. 1997) ....................9

*Stefanoff v. Hays Cnty.*, 154 F.3d 523 (5th Cir. 1998)....................11

*Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610 (S.D. Tex. 2019) ....................6, 7

*West v. Atkins*, 487 U.S. 42 (1988) ....................9

*Worsham v. City of Pasadena*, 881 F.2d 1336 (5th Cir. 1989)....................9

*Ximines v. George Wingate High Sch.*, 516 F.3d 156 (2d Cir. 2008)....................4

## TABLE OF AUTHORITIES (cont)

**Page**

**Statutes**

20 U.S.C. § 1400 et seq. ....................2, 7

20 U.S.C. § 1415(i) ....................7

28 U.S.C. § 1333 ....................2, 12

42 U.S.C. § 1983 .................... *passim*

42 U .S.C. § 12132 ....................2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON-MEION BROWN, *Next Friend to PA, a Minor Child* | § | |
| Plaintiff, | § | |
| v. | § | C.A. No. 4:25-cv-03231 |
| BRAZORIA COUNTY SHERIFF'S OFFICE, BRAZORIA INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, LIGHTHOUSE LEARNING CENTER, AND CAPTAIN M. CRITTENDEN | § | |
| Defendants. | § | |

**DEFENDANTS BRAZORIA [SIC] INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, LIGHTHOUSE LEARNING CENTER, AND CAPTAIN M. CRITTENDEN'S MOTION TO DISMISS**

Defendants Brazoria [sic] Independent School District Police Department, Lighthouse Learning Center, and Captain M. Crittenden (hereinafter the "Brazosport ISD Defendants") move to dismiss claims asserted against them by Brandon-Meion Brown, as Next Friend to P.A., a Minor Child, as follows:

## NATURE AND STAGE OF PROCEEDING

This appears to be a lawsuit brought by a person claiming to be the father of a former student of the Brazosport Independent School District ("Brazosport ISD"),[1] who was arrested in April 2025 on charges of "Assault Public Servant Other Than Peace Officer Or Judge."[2] Plaintiff's Amended Complaint is short on facts, but alleges four causes of action collectively against the three Brazosport ISD Defendants, and several Defendants associated with Brazoria County and

[1] Brown refers to the "Brazoria Independent School District" in several places, including when referring to the Police Department. He is incorrect: P.A. was a student in (and the Lighthouse Learning Center is a school of) the Brazosport Independent School District.

[2] *See* https://pubweb.brazoriacountytx.gov/PublicAccess/CaseDetail.aspx?CaseID=4335472 (visited Dec. 16, 2025).

the criminal proceedings: (1) violation of the Americans with Disabilities Act, 42 U .S.C. §12132 ("ADA"), for failure to accommodate a known disability; (2) violation of the Individuals with Disabilities Education Act, 20 U.S.C. §1400 et seq. ("IDEA"), for failure to provide appropriate educational and safety measures; (3) violation of the student's civil rights under 42 U.S.C. §1983 for deprivation of liberty, due process, and equal protection rights; and (4) "Maritime negligence and custodial endangerment under 28 U.S.C. §1333."

The Brazosport ISD Defendants now move to dismiss all claims against them, or in the alternative, ask that the Plaintiff be ordered to replead with greater factual specificity *as to the Brazosport ISD Defendants*, in accordance with the issues raised in this Motion.

## **ISSUES PRESENTED**

1. Whether claims against the Brazoria [sic] Independent School District Police Department and Lighthouse Learning Center must be dismissed, because those entities are not separate legal entities capable of being sued by themselves.

2. Whether Defendant Crittenden can be sued as an individual under the ADA or the IDEA.

3. Whether Plaintiff has failed to assert facts that would plausibly support a failure to accommodate claim under the Americans with Disabilities Act.

4. Whether Plaintiff has failed to exhaust his administrative remedies under the Individuals with Disabilities Education Act.

5. Brazosport ISD can only be liable for a Section 1983 violation if its board of trustees adopted an official policy or custom that was the moving force behind P.A.'s constitutional injuries. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 691(1978). Whether the Court should dismiss P.A.'s Section 1983 claims for failure to properly plead municipal liability against Brazosport ISD.

6. Whether Individual Defendant Captain M. Crittenden is entitled to qualified immunity from P.A.'s Section 1983 claims.

7. Whether Plaintiff's claim for "maritime negligence and custodial endangerment under 28 U.S.C. §1333" must be dismissed as a matter of law.

8. Punitive damages are not available against municipalities and other local governments under 42 U.S.C. § 1983, *see City of Newport v. Fact Concerts Inc.*, 453 U.S. 247 (1981), the ADA or the IDEA. Should P.A.'s claim for punitive damages against Brazosport ISD be dismissed?

## STANDARD OF REVIEW

Dismissal of a lawsuit on the pleadings is proper where there is either (i) a lack of a cognizable theory of recovery, or (ii) the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Phrased differently, a claim may be dismissed if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). While a court will accept a plaintiff's factual allegations as true, the factual allegations must exist; "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified Rule 8's specificity standards for pleadings, holding that all pleadings must "provide the 'grounds' of [the party's] 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). This standard "governs . . . in all civil actions and proceedings in the United States district courts." *Iqbal*, 556 U.S. at 684.

When deciding whether a pleading satisfies the *Twombly/Iqbal* standard, a court must first determine if the asserted claims go beyond mere labels and conclusions and a formulaic recitation of elements, if any. "[N]aked assertion[s] devoid of further factual enhancement" will no longer suffice. *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). To properly plead a claim, then, the plaintiff must give a defendant not only fair notice of the claim being asserted, but "the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citations and quotations omitted) (per curiam). "[T]he tenet that a court must accept as true all of the

allegations contained in [a pleading] is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Mere assertions of legal conclusions "are not entitled to assumption of truth"—they "must be supported by factual allegations." *Id.* at 678–79. Additionally, if a plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint (or attached to the motion to dismiss that is central to the plaintiff's claims and referenced by the complaint), then those contradicted allegations cannot be accepted as true under Rule 12(b)(6). *Carter v. Target Corp.*, 541 Fed. App'x 413, 417 (5th Cir. 2013).

## ARGUMENT AND AUTHORITIES

**A. Defendants "Brazoria [sic] Independent School District Police Department" and the "Lighthouse Learning Center" are not separate legal entities capable of being sued as parties to this lawsuit separate and apart from Brazosport ISD.**

Although Plaintiff has sued the Brazoria [sic] Independent School District Police Department and the Lighthouse Learning Center, a school within the Brazosport Independent School District, neither a police department nor a school in Texas is a legal entity separate and apart from their school district, and are not capable of being sued by themselves. *See*, *e.g*., *Doe v. Petaluma City Sch. Dist.*, 830 F. Supp. 1560 (N.D. Cal. 1993). *See also Lindsay v. John Tyler High Sch.*, 2012 WL 5270241, at *1 (E.D. Tex. 2012), *report and recomm. adopted,* 2012 WL 5270208 (E.D. Tex. 2012) ("Plaintiff has not alleged facts showing that John Tyler High School or its training staff is a legal entity that may be sued."); *Lindsay v. Whitehouse Jr High Sch.*, 2012 WL 5271699, at *1 (E.D. Tex. 2012), *report and recomm. adopted,* 2012 WL 5270295 (E.D. Tex. 2012) ("Plaintiff has not alleged facts showing that Whitehouse Jr High School, its training department or the basketball court is a legal entity that may be sued."); *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159 (2d Cir. 2008) ("The district court held, and plaintiff does not now dispute, that George Wingate High School is not a suable entity."); *Muller v. St. Tammany Par.*, 2010 WL 2464802, at *7 (E.D. La. 2010), *report and recommendation adopted,* 2010 WL

2464801 (E.D. La. 2010) ("Furthermore, under federal law, the Court finds no law, constitutional, statutory, or otherwise, that defines a school to be a person with the capacity to sue or to be sued within the meaning of Fed.R.Civ.P. 17."). *See also Jathanna v. Spring Branch Indep. Sch. Dist.*, 2012 WL 6096675, at *4 (S.D. Tex. Dec. 7, 2012) (school police department not separate entity from the school district itself); *Darby v. Pasadena Police Dept.,* 939 F.2d 311, 313 (5th Cir. 1991) (police departments are not legal entities subject to suit, separate and apart from the government entity that created them).

The Brazosport ISD Defendants therefore move to dismiss the Brazoria [sic] Independent School District Police Department and the Lighthouse Learning Center as Defendants in this lawsuit, and substitute the Brazosport Independent School District in their place.

**B. An Individual Defendant may not be sued under the ADA or the IDEA.**

Plaintiff appears to be seeking damages against Defendant Crittenden for alleged violations of the ADA and the IDEA. The ADA only apply to entities that receive federal funds. Because individual school employees or trustees do not receive federal grant money, a plaintiff cannot state a claim against an individual defendant under the ADA. *See Shahrashoob v. Texas A&M Univ. Sys.*, 2022 WL 3702264, at *3 (S.D. Tex. Aug. 26, 2022) ("Title VI, Title VII, Title IX, and the Americans with Disabilities Act do not provide for claims against individuals."); *Estrada v. Nehls*, 524 F. Supp.3d 578, 597 (S.D. Tex. 2021), *aff'd*, 2022 WL 2113614 (5th Cir. June 13, 2022) ("Rabius correctly notes that there is no individual liability for claims under the ADA."); *Jenkins v. Bd. of Educ. of Houston ISD*, 937 F. Supp. 608, 613 (S.D. Tex. 1996) ("Applying this rationale to Jenkins's claims against the individual defendants in this case, it is apparent that they may not be held personally liable under the ADA because they do not fall within the statutory definition of an employer.").

This Court has also held that individual defendants cannot be sued under the IDEA. *See D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp. 2d 603, 611 (S.D. Tex. 2009) ("Defendants argue

that Plaintiffs cannot properly sue Martinez and Colvin in their individual capacities for violations of IDEA, Section 504, the ADA or the Age Discrimination Act. The Court agrees."), *aff'd sub nom. D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450 (5th Cir. 2010); *L.F. v. Houston Indep. Sch. Dist.*, No. CV H-11-903, 2012 WL 12878200, at *6 (S.D. Tex. June 21, 2012) ("Because IDEA and Section 504 are intended to prevent discrimination by public agencies rather than discrimination by officials in their individual capacities, Defendants are immune from personal liability under IDEA and Section 504."), *aff'd sub nom. L.F. ex rel. Ruffin v. Houston Indep. Sch. Dist.*, 542 F. App'x 430 (5th Cir. 2013). Defendant Crittenden therefore moves to dismiss both the ADA and IDEA claims against her.

### C. Plaintiff has failed to assert facts that would plausibly support a failure to accommodate claim against Brazosport ISD under the Americans with Disabilities Act.

The elements of a claim under Title II of the ADA are that: (1) the plaintiff is a qualified individual under the ADA; (2) he was "excluded from participation in, or [was] denied benefits of, services, programs, or activities for which a public entity is responsible, or [was] otherwise...being discriminated against by the public entity"; and (3) "such exclusion, denial of benefits, or discrimination [was] by reason of his disability. *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 622 (S.D. Tex. 2019) (quoting *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004)). To recover damages, a plaintiff must prove that the discrimination was intentional. *Delano–Pyle v. Victoria Cty.*, 302 F.3d 567, 574 (5th Cir. 2002).

Plaintiff has failed to plead any facts that would plausibly suggest that any of the Brazosport ISD Defendants were motived to deny any services to him on account of his disability, or that said discrimination was intentional. The ADA claim against the Brazosport ISD Defendants should be dismissed, or Plaintiff should be ordered to replead with greater factual specificity, in accordance with the issues raised in this Motion.

**D. Plaintiff has failed to exhaust his administrative remedies under the Individuals with Disabilities Education Act.**

The Individuals with Disabilities Education Act, 20 U.S.C. §1400 et seq. ("IDEA") is the federal law that governs the provision of educational services to disabled students. Procedurally, the IDEA establishes an elaborate administrative hearing process through which a parent may challenge aspects of their child's education:

> Because parents and school representatives sometimes cannot agree on such issues, the IDEA establishes formal procedures for resolving disputes. To begin, a dissatisfied parent may file a complaint as to any matter concerning the provision of a FAPE with the local or state educational agency (as state law provides). See § 1415(b)(6). That pleading generally triggers a "[p]reliminary meeting" involving the contending parties, § 1415(f)(1)(B)(i); at their option, the parties may instead (or also) pursue a full-fledged mediation process, see § 1415(e). Assuming their impasse continues, the matter proceeds to a "due process hearing" before an impartial hearing officer. § 1415(f)(1)(A); see § 1415(f)(3)(A)(i). Any decision of the officer granting substantive relief must be "based on a determination of whether the child received a [FAPE]." § 1415(f)(3)(E)(i). If the hearing is initially conducted at the local level, the ruling is appealable to the state agency. See § 1415(g). Finally, a parent unhappy with the outcome of the administrative process may seek judicial review by filing a civil action in state or federal court. See § 1415(i)(2)(A).

*Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 159 (2017). The Supreme Court in *Fry* concluded that exhausting such remedies is mandatory when a parent seeks relief that would otherwise be available under the IDEA. *See Fry*, 580 U.S. at 166 (holding that the IDEA "compels exhaustion when a plaintiff seeks 'relief' that is 'available' under the IDEA."). *See also Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 617 (S.D. Tex. 2019) ("A plaintiff seeking relief on an IDEA claim that student with disabilities was denied a free and appropriate public education must first administratively exhaust that claim.") (citing 20 U.S.C. § 1415(i)).

Plaintiff has failed to plead any facts that would plausibly suggest that he made any effort to administratively exhaust his IDEA claim through the procedures provided by the IDEA, or that his situations falls within any recognized exceptions to the general exhaustion rule. Accordingly,

the IDEA claim against the Brazosport ISD Defendants should be dismissed, or Plaintiff should be ordered to replead with greater factual specificity, in accordance with the issues raised in this Motion.

**E. Plaintiff failed to plead facts that show that any deprivation of P.A.'s constitutional rights occurred in accordance with Brazosport ISD's official policy or firmly entrenched custom tolerating misconduct.**

Brown alleges that P.A.'s rights to liberty, due process, and equal protection were deprived, thus creating a claim under 42 U.S.C. §1983. P.A.'s constitutional claims against Brazosport ISD fail, however, because he has failed to plead facts that show that any deprivation of his constitutional rights occurred in accordance with any official Brazosport ISD policy or firmly entrenched custom tolerating misconduct. P.A.'s constitutional claims are asserted, as they must be, pursuant to 42 U.S.C. § 1983. To succeed on such a claim, P.A. must show that the District itself is liable for the violation. *See generally Collins v. City of Harker Heights, Texas,* 112 S. Ct. 1061, 1066 (1992). A school district cannot be held liable under 42 U.S.C. § 1983 for an injury inflicted by its employees based on a theory of vicarious liability or *respondeat superior* liability. *Board of County Comm'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 402, 117 S. Ct. 1382, 1388 (1997); *Doe v. Hillsboro Indep. Sch. Dist.,* 113 F.3d 1412, 1416 (5th Cir. 1997) (en banc). The Supreme Court set forth its standard on municipal liability in *Monell v. City of New York*:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). *See also Owen v. City of Independence*, 445 U.S. 622, 633, 100 S. Ct. 1398, 1406 (1980).

In order to state a constitutional claim against a school district under § 1983, then, a plaintiff must demonstrate that the constitutional violation occurred in accordance with official government policy or firmly entrenched custom. *Brown v. Houston Indep. Sch. Dist.*, 763 F. Supp. 905 (S.D.

Tex. 1991), *aff'd*, 957 F.2d 866 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 198 (1992); *Worsham v. City of Pasadena*, 881 F.2d 1336 (5th Cir. 1989). The Fifth Circuit has noted that the plaintiff's description of the government's policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must contain specific facts. *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997). A school district may be held liable only if the constitutional injury was caused by an official policy or custom promulgated by government officials who have final policy making authority. *Collins*, 503 U.S. at 120-21. Under Texas law, the final policy-making authority for an independent school district rests with the school district's board of trustees. *Jett v. Dallas Indep. Sch. Dist.,* 7 F.3d 1241, 1245 (5th Cir. 1993); *Gonzales v. Ysleta Indep. Sch. Dist*., 996 F.2d 745, 752 (5th Cir. 1993).

In his Amended Complaint, P.A. does not allege that the Brazosport ISD School Board had any involvement in what happened to him. He has not alleged any *facts* that would show that the Brazosport ISD Board of Trustees formally adopted any actual policies, regulations, bylaws, or ordinances that contributed to his injuries, nor that the Board permitted "persistent and widespread practices" or "practices that are permanent and well settled and deeply embedded traditional ways of carrying out policy." *Bennett v. City of Slidell,* 728 F.2d 762 768 (5th Cir. 1984). As such, P.A.'s constitutional claims against Brazosport ISD are legally insufficient to avoid dismissal under Rule 12(b)(6) under the *Twombly-Iqbal* standard, and must be dismissed.

**F. Individual Defendant Captain M. Crittenden is entitled to qualified immunity from P.A.'s Section 1983 claims.**

To state a constitutional violation against a government official under 42 U.S.C. § 1983, a plaintiff must establish that (i) the defendant acted under color of state law; and (ii) while acting under color of state law, the defendant deprived the plaintiff of a federal constitutional right. *See West v. Atkins*, 487 U.S. 42, 48 (1988). However, the Supreme Court has long held that public servants are immune from suit unless their conduct violated "clearly established" federal law.

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Accordingly, individual defendants sued for constitutional violations under § 1983 may invoke the defense of qualified immunity to avoid the disruption and costs associated with litigation.[3] *Mitchell v. Forsyth*, 472 U.S. 511 (1985).

Although qualified immunity is an affirmative defense, once raised, the plaintiff has the burden of demonstrating the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). To satisfy this burden, the plaintiff must respond with factual specificity and "fairly engage" the immunity defense. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). The standard requires more than conclusory assertions. *See Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). Instead, the plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, Defendant Crittenden raises and asserts the defense of qualified immunity.

The availability of immunity is a question of law. *Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991). Courts must determine (i) whether the plaintiff has described a violation of a constitutional right; and (ii) whether the right was "clearly established" at the time of the official's conduct. *Pearson v. Callahan*, 555 U.S. 223, 223–24 (2009). Courts may decide which of the two prongs should be decided first. *Id.* at 225. The plaintiff bears the burden of showing that the official violated clearly established law. *Kovacic v. Villareal*, 628 F.3d 209, 212 (5th Cir. 2010). The plaintiff must identify the violation of a "particularized" right. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). And, the plaintiff must show that the "contours" of the right were "sufficiently clear that a reasonable official would understand that what he is doing violates that right."

---

[3]Plaintiffs may not engage in discovery until they have supported their constitutional claims with sufficient facts that, if true, would overcome the immunity defense. *Iqbal*, 556 U.S. at 685–86; *see also Carswell v. Camp*, 54 F. 4th 307 (5th Cir. 2022) ("When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense.")

*Alexander v. Eeds*, 392 F.3d 138, 146 (5th Cir. 2004). This means that "existing precedent" must have placed the constitutional question "beyond debate." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011).

Ultimately, for an official to lose qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (citations omitted); *Stefanoff v. Hays Cnty.*, 154 F.3d 523, 525 (5th Cir. 1998). Accordingly, the qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). "This accommodation for reasonable error exists because officials should not err always on the side of caution because they fear being sued." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991).

Here, P.A. cannot overcome Crittenden's entitlement to qualified immunity, because he does not identify any specific acts that she allegedly carried out—or failed to carry out—that would have violated P.A.'s clearly-established rights. Crittenden is barely mentioned in the Amended Complaint. Assumptions and speculative allegations are not enough to overcome Crittenden's entitlement to qualified immunity. *Iqbal,* 556 U.S. at 676 ("[B]ecause vicarious liability is inapplicable to. . .§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). There are insufficient factual allegations demonstrating that Crittenden was *personally* involved in violating P.A.'s clearly-established constitutional rights or was otherwise *personally* engaged in conduct that was causally connected to an alleged constitutional violation. *See Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005); *Gallentine v. Housing Authority of City of Port Arthur, Tex.*, 919 F.Supp.2d 787, 811 (E.D. Tex. 2013). Consequently, P.A.'s constitutional claims against Crittenden are barred by qualified immunity, and should be dismissed.

**G. Plaintiff's claim for "maritime negligence and custodial endangerment under 28 U.S.C. §1333" must be dismissed.**

Plaintiff appears to be asserting a claim for "maritime negligence and custodial endangerment under 28 U.S.C. §1333." 28 U.S.C. § 1333 states that:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
>
> (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

Plaintiff fails to plead any facts that would plausibly suggest that this is a civil case of admiralty or maritime jurisdiction – and of course it is not. Said claim should be dismissed,

**H. The Court must dismiss P.A.'s claim for punitive damages against the District.**

As a matter of law, punitive damages are not available against municipalities and other local governments under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts Inc*., 453 U.S. 247 (1981); *Mosley v. Houston Comm. College Sys*., 951 F. Supp. 1279, 1290 (S.D. Tex. 1996). Punitive damages are not available under the ADA. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) ("Because punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act.") Punitive damages are also not available under the IDEA. *See J.W. v. Paley*, 81 F.4th 440, 448 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 2658 (2024) ("Plaintiffs seek compensatory and punitive damages. The IDEA provides neither.") Therefore, P.A.'s claim for punitive damages against Brazosport ISD must be dismissed as a matter of law.

## CONCLUSION

For these reasons, Defendants Brazoria [sic] Independent School District Police Department, Lighthouse Learning Center, and Captain M. Crittenden respectfully request that P.A.'s claims against them be dismissed under 12(b)(6), that this lawsuit be dismissed, and that

the Court grant Defendants all such other and further relief, both at law and in equity, to which they may be entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ Christopher B. Gilbert

Christopher B. Gilbert
Texas Bar No. 00787535
Southern District No. 17283
Arlene P. Gonzalez
Texas Bar No. 24109079

Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
Telephone: (713) 554-6744
Fax: (713) 583-8884
cgilbert@thompsonhorton.com
agonzalez@thompsonhorton.com

Attorneys for Defendants Brazoria [sic] Independent School District Police Department, Lighthouse Learning Center, and Captain M. Crittenden

**CERTIFICATE OF SERVICE**

On December 19, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By: /s/ Christopher B. Gilbert
Christopher B. Gilbert