UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

DEC 2 3 2025

Nathan Ochsner, Clerk of Court,

BRANDON–MEION : BROWN©,
Next Friend to P.A.,
   Plaintiff,

v.                    Civil Action No. 4:25-cv-03231

BRAZORIA COUNTY SHERIFF'S OFFICE/JAIL, et al.,
   Defendants.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
BRAZORIA COUNTY SHERIFF'S OFFICE'S MOTION TO DISMISS,
OPPOSITION TO MOTION TO STAY DISCOVERY,
AND ALTERNATIVE REQUEST FOR LEAVE TO AMEND

I. INTRODUCTION

Plaintiff Brandon–Meion : Brown©, proceeding pro se and as Next Friend to P.A., respectfully submits this Response in Opposition to Defendant Brazoria County Sheriff's Office's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), and in Opposition to Defendant's Motion to Stay Discovery. Defendant's motions should be denied. In the alternative, Plaintiff respectfully requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a).

II. CAPACITY TO BE SUED

Defendant argues that the Brazoria County Sheriff's Office is not a legal entity capable of being sued. Plaintiff does not dispute that, under Texas law, the proper municipal defendant may be Brazoria County itself rather than a county sub-unit.

However, dismissal with prejudice is improper. Courts in the Fifth Circuit routinely grant leave to amend to substitute the proper governmental entity, particularly where the plaintiff is proceeding pro se. Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991).

Plaintiff therefore respectfully requests leave to amend to substitute Brazoria County, Texas as the proper municipal defendant should the Court deem substitution necessary.

III. RULE 12(b)(6) — FAILURE TO STATE A CLAIM

At the pleading stage, Plaintiff is required only to allege sufficient factual matter to state claims that are plausible on their face. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Plaintiff is not required to prove his case at this stage.

A. ADA and Disability-Based Claims

Plaintiff alleges that P.A. is a medically fragile individual with known disabilities who was subjected to custodial control and denied reasonable accommodations and medical safeguards. The pleadings allege:

A known disability and serious medical condition;
Custodial control by public entities;
Failure to provide reasonable accommodations or medical clearance;
Resulting harm and risk of serious injury.

Whether a specific accommodation request was made, or whether the need for accommodation was obvious, presents factual questions not suitable for resolution at the motion-to-dismiss stage—particularly where the individual was in custody and unable to self-advocate.

B. Municipal Liability (Monell)

Plaintiff alleges conduct by government actors acting under color of state law. The precise policies, customs, and decision-makers responsible are matters uniquely within Defendants' possession and appropriately addressed through discovery.

At minimum, Plaintiff is entitled to leave to amend to clarify municipal liability allegations once discovery is permitted.

IV. RULE 12(b)(5) — INSUFFICIENT SERVICE OF PROCESS

Defendant argues that service was insufficient because Plaintiff attempted service by certified mail. Plaintiff acted in good faith and made diligent efforts to effect service. Defendants had actual notice of this action, and counsel has appeared on behalf of Defendants.

Under Federal Rule of Civil Procedure 4(m), courts must allow additional time to cure service defects absent prejudice. Defendant has shown no prejudice. Dismissal on this basis is unwarranted.

V. OPPOSITION TO MOTION TO STAY DISCOVERY

Plaintiff opposes Defendant's Motion to Stay Discovery. Discovery in this case is time-sensitive and necessary to obtain medical records, disability accommodation evidence, insurance coverage information, and custodial policies.

A stay would substantially prejudice Plaintiff while providing no undue benefit to Defendants. Courts routinely deny discovery stays in civil rights and disability-based cases, or alternatively permit limited discovery to proceed.

VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and Motion to Stay Discovery should be DENIED. In the alternative, Plaintiff respectfully requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a).

Respectfully submitted,

Brandon–Meion : Brown©

Plaintiff, Pro Se

P.O. Box 84

Clute, Texas 77531

Telephone: 281-908-6300

Date: _____

CERTIFICATE OF SERVICE

I hereby certify that on _____, a true and correct copy of the foregoing document was served on all counsel of record via electronic mail and/or CM/ECF notification.

Counsel for Brazoria County Sheriff's Office:

Airzola Cleaves

Ryan Erickson

Lauren Menia

Mary Cheline Shine

Counsel for Brazosport Independent School District / Lighthouse Learning Center:

Christopher B. Gilbert

Thompson & Horton LLP
/s/ Brandon–Meion : Brown©
Brandon–Meion : Brown©
Plaintiff, Pro Se