IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON-MEION BROWN,<br>*Next Friend to PA, a Minor Child* | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 4:25-cv-03231 |
| BRAZORIA COUNTY SHERIFF'S OFFICE, BRAZORIA INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, LIGHTHOUSE LEARNING CENTER, AND CAPTAIN M. CRITTENDEN | § § § § § § § | |
| Defendants. | § § | |

**DEFENDANTS BRAZORIA [SIC] INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, LIGHTHOUSE LEARNING CENTER, AND CAPTAIN M. CRITTENDEN'S RESPONSE TO DEFENDANT BRAZORIA COUNTY SHERIFF'S OFFICE OPPOSED MOTION TO STAY DISCOVERY AND OTHER DEADLINES**

Defendants Brazoria [sic] Independent School District Police Department, Lighthouse Learning Center, and Captain M. Crittenden (hereinafter the "Brazosport ISD Defendants") respond to and join in Defendant Brazoria County Sheriff's Office Opposed Motion to Stay Discovery and Other Deadlines, as follows:

1.  The Brazosport ISD Defendants join in Defendant Brazoria County Sheriff's Office request to stay discovery in this matter, for all of the reasons stated in that Motion. The Fifth Circuit has held that district courts may properly stay discovery pending resolution of various motions. *Krim v. Banc Texas Group, Inc.*, 989 F.2d 1435 (5th Cir. 1993) (stay of discovery pending resolution of class certification was proper); *Landry v. Air Line Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404 (5th Cir. 1990), *cert denied*, 498 U.S. 895, 111 S.Ct. 244 (1990) (district court properly stayed discovery pending summary judgment decision). Further, motions for orders to stay discovery are specifically allowed under Rule 26(c) of the Federal Rules of Civil Procedure to

avoid undue burden or expense. *See* FED. R. CIV. P. 26(c). There are a number of issues raised in both motions to dismiss – including the fact that Plaintiff appears to be asserting maritime claims against the Defendants – that should be addressed before the parties are forced to engage in extensive discovery.

2. In addition, Defendant M. Crittenden has filed a motion to dismiss that includes arguments regarding qualified immunity. The Brazosport ISD Defendants assert that no discovery should take place until the Court has rendered a decision on her qualified immunity. *See Carswell v. Camp*, 54 F. 4th 307 (5th Cir. 2022) ("When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery— "cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense."); *see Whitaker v. Collier*, 862 F.3d 490, 502 (5th Cir. 2017) (acknowledging that "plaintiffs [are] not entitled to discovery without a properly pleaded complaint") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F. 3d 841, 849 (5th Cir. 2000) (the various forms of immunity constitute "immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation"); *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) (per curiam) (holding that a district court's "obligation to consider a challenge to its jurisdiction is nondiscretionary").

3. The Brazosport ISD Defendants therefore join the County Defendants' motion and request that this Court stay all discovery, including the discovery ("subpoena") that has already been served and any subsequent discovery, until the issue of qualified immunity has been resolved. Any discovery prior to the Court's ruling on the Brazosport ISD Defendants' motion to dismiss and Defendant Crittenden's qualified immunity defense would impose an unnecessary cost and burden on the parties. The primary purpose of the Brazosport ISD Defendants' requested stay of

discovery is to avoid unnecessary expenditures of time and financial resources by the Brazosport ISD Defendants prior to the Court's resolution of these issues and the issue of qualified immunity.

### III.
### CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendant Brazoria County Sheriff's Office Opposed Motion to Stay Discovery and Other Deadlines, the Brazosport ISD Defendants request that this Court grant that Motion to Stay Discovery, and grant any further relief to which they are entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ Christopher B. Gilbert
 Christopher B. Gilbert
 Texas Bar No. 00787535
 Southern District No. 17283
 Arlene P. Gonzalez
 Texas Bar No. 24109079

Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
Telephone: (713) 554-6744
Fax: (713) 583-8884
cgilbert@thompsonhorton.com
agonzalez@thompsonhorton.com

Attorneys for Defendants Brazoria [sic] Independent School District Police Department, Lighthouse Learning Center, and Captain M. Crittenden

## **CERTIFICATE OF SERVICE**

      On December 29, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                                By:   /s/ Christopher B. Gilbert
                                                                         Christopher B. Gilbert