UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRANDON-MEION BROWN, § | |
| *Next Friend to PA,* § | |
|    *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 4:25-CV-03231 |
| § | |
| BRAZORIA COUNTY SHERIFF'S § | |
| OFFICE/ JAIL, ET AL. § | |
|    *Defendants.* § | |

### DEFENDANT BRAZORIA COUNTY SHERIFF'S OFFICE REPLY

        **Brazoria County Criminal District Attorney's Office**

        By:   */s/ Ryan Erickson*
        RYAN ERICKSON
        Attorney-in-Charge
        Texas Bar No. 24091875
        S.D. Tex. No. 3851317
        LAUREN MENIA
        Of Counsel
        Texas Bar No. 24092823
        S.D. Tex. No. 3877902
        Airzola Cleaves
        Of Counsel
        Texas Bar No. 24139392
        S.D. Tex. No. 3907331
        237 E. Locust, Suite 305
        Angleton, Texas 77515
        Telephone: (979) 864-1233
        E-mail: ryane@brazoriacountytx.gov
        Fax: (979) 864-1712

        **ATTORNEYS FOR DEFENDANT BRAZORIA COUNTY SHERIFF'S OFFICE**

1

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant, Brazoria County Sheriff's Office, files this Reply in response to Plaintiff's "Notice of Cured Service" and "First Amended Complaint", which appear to have been filed as a response to Defendant's Motion to Dismiss. In support of this Reply, the Defendant shows the Court as follows:

## I.
## BACKGROUND

1. The Plaintiff in this matter is Brandon-Meion Brown on behalf of Peter-Eugene Alvarado[1]. Defendant is the Brazoria County Sheriff's Office.

2. On December 19, 2025, Defendant filed a Motion to Dismiss for failure to state a claim and for insufficient service of process. Dkt. 23.

3. On December 23, 2025, Plaintiff filed Plaintiff's Response in Opposition to Defendant Brazoria County Sheriff's Office's Motion to Dismiss, Opposition to Motion to Stay Discovery, and Alternative Request for Leave to Amend. Dkt. 29.

4. On January 7, 2026, Plaintiff filed Plaintiff's Notice of Cured Service and Plaintiff's First Amended Complaint. Dkts. 31 and 32.

5. Defendant respectfully requests this Court dismiss Plaintiff's suit as he has, again, failed to state a claim upon which relief can be granted, and he has failed to properly effectuate service on the Defendant.

---

[1] Peter-Eugene Alvarado turned eighteen (18) on July 14, 2025. While Alvarado was seventeen (17) he was incarcerated in the Brazoria County Jail.

## II.
## ARGUMENTS AND AUTHORITY

6.       In Plaintiff's Response in Opposition to Defendant Brazoria County Sheriff's Office's Motion to Dismiss, Opposition to Motion to Stay Discovery, and Alternative Request for Leave to Amend, Plaintiff has named Brazoria County Sheriff's Office/ Brazoria County Jail, not Brazoria County, as the Defendant. The Brazoria County Sheriff's Office is an unincorporated department within Brazoria County and lacks the capacity to sue or be sued. See *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); see also *Tennyson v. Hatton*, 6:16cv1206, 2018 WL 5311387 at *5 (July 5, 2018). Therefore, the claims against the Brazoria County Sheriff's Office should be dismissed with prejudice as it is not a proper party to this lawsuit.

7.       Plaintiff argues "[t]he precise policies, customs, and decision-makers responsible are matters uniquely within Defendants' possession and appropriately addressed through discovery." Dkt. 29. Plaintiff seeks to use the discovery process to ascertain which facts he needs to allege to support his Monell Liability claim. This is improper. While a plaintiff need not offer proof of their allegations to survive a motion to dismiss, he/she must still plead specific facts—not conclusory suppositions—plausibly supporting each element. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

8.       To succeed, Plaintiff must demonstrate "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). Yet, in his First Amended Complaint, Plaintiff again only offers conclusory statements absent specific facts; "The violations suffered by Alvarado were caused by Defendants' policies, practices, or customs, including: [f]ailure to train officers regarding disability accommodations; [f]ailure to implement safeguards for intellectually disabled individuals; [f]ailure to supervise and correct known risks." Dkt. 32.

9.      In his claim for failure to accommodate, Plaintiff has continued the pattern of providing conclusory statements instead of specific facts to support his claim. In his First Amended Complaint, Plaintiff alleges "Defendants failed to provide reasonable accommodations necessary for Alvarado to understand questioning, detention conditions, and legal processes." Dkt. 32. Again, as in his original Complaint, Plaintiff has failed to state the type of accommodation Alvarado needed or that he or Alvarado made any request for accommodation.

10.     Additionally, despite his assertions to the contrary, Plaintiff has still failed to effectuate proper service on Defendant. In his Opposition, Plaintiff mischaracterizes Defendant's service argument, stating "Defendant argues that service was insufficient because Plaintiff attempted service by certified mail." Dkt. 29. He attempts to cure the service defect by serving Defendant's counsel with the First Amended Complaint via certified mail and electronic mail. Dkt. 31. This too is improper. Service has been and continues to be insufficient because Plaintiff is a party to this lawsuit and is ineligible to serve process in this matter. Fed. R. Civ. P. 12(b)(5). *See Stevens v. Hayes*, 2012 WL 2572790, at *6 (W.D. Texas July 2, 2012).

### III.
### PRAYER

Defendant Brazoria County Sheriff's Office respectfully requests the Court grant the Motion to Dismiss. Defendant also requests the Court grant such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

Respectfully submitted,

**Brazoria County Criminal District Attorney's Office**

By:     */s/ Ryan Erickson*
RYAN ERICKSON
Attorney-in-Charge

4

          Texas Bar No. 24091875
          S.D. Tex. No. 3851317
          LAUREN MENIA
          Of Counsel
          Texas Bar No. 24092823
          S.D. Tex. No. 3877902
          Airzola Cleaves
          Of Counsel
          Texas Bar No. 24139392
          S.D. Tex. No. 3907331
          237 E. Locust, Suite 305
          Angleton, Texas 77515
          Telephone: (979) 864-1233
          E-mail: ryane@brazoriacountytx.gov
          Fax: (979) 864-1712

          **ATTORNEYS FOR DEFENDANT**
          **BRAZORIA COUNTY SHERIFF'S OFFICE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January 2026, a true and correct copy of the above document was served upon the parties below:

***Via Certified Mail, Return Receipt Requested***
***Via Regular Mail***
Brandon-Meion Brown, *pro se*
P.O. Box 84
Clute, Texas 77531

***Via Electronic Mail***
Brandon-Meion Brown, pro se
triocouriers@gmail.com

Christopher B. Gilbert
cgilbert@thompsonhorton.com

          */s/ Ryan Erickson*
          RYAN ERICKSON